IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BLIZZARD ENTERTAINMENT, INC. | § § | |
|     *Plaintiff*, | § § | CIVIL ACTION NO. 4:10-MC-30 |
| v. | § § | |
| ALYSON REEVES d/b/a SCAPEGAMING | § § | |
|     *Defendant*. | § § § § § | |

# AGREED PROTECTIVE ORDER

Upon stipulation of the Plaintiff Blizzard Entertainment, Inc. (the "Receiving Party") and Susan Andreone ("Andreone" or the "Producing Party") and good cause appearing therefor,

IT IS HEREBY ORDERED THAT, the following procedures shall govern discovery of confidential information and documents produced or disclosed by Andreone ("Discovery Material") resulting from the subpoena served on Andreone, attached hereto as Exhibit A:

1.  "Confidential" information refers to Discovery Material that the Producing Party in good faith regards as confidential or proprietary information that it would not ordinarily disclose including financial documents, tax documents or tax-related documents, as well as any copies or summaries of such information or any material that reveal the contents of such information.

2.  All or any portion of any Discovery Material may be designated as Confidential information provided such designation is made in good faith and once

designated, such material shall be treated as Confidential information as appropriate, under the terms of this Protective Order until such designation is withdrawn by the Producing Party, by an Order of this Court, or as set forth in this Agreed Protective Order.

3. Documents may be designated as Confidential information by placing a stamp on each page that reads, 'CONFIDENTIAL." Electronically stored information may be designated as Confidential information by placing a mark that reads, "CONFIDENTIAL" on the information or media containing the information that is sought to be protected.

4. In the event that the Producing Party inadvertently fails to designate any Discovery Material as Confidential information, that material shall nonetheless, be treated as Confidential information provided the Producing Party provides written notice to the Receiving Party, as soon as practicable, designating the material as Confidential information. Upon receipt of such written notice, the Receiving Party shall treat the designated material as Confidential information and shall stamp or mark it accordingly, or if the Producing Party provides correctly designated copies of the material, destroy the erroneously designated material or return it to the Producing Party.

5. The Receiving Party may dispute the designation of Discovery Material as Confidential information by setting forth the grounds for such dispute in writing to the Producing Party. After receiving such a written notification, the Producing Party shall be required to move the court for an order preserving and shall bear the burden of establishing the propriety of the designated status within ten (10) days of receipt of the

written notification, and failure to do so shall constitute termination of the restricted status of the information.

      6.      Counsel for the Receiving Party shall not disclose or permit disclosure of Confidential information to any other person or entity, except:

      a.      the Receiving Party, including its owners and employees, provided that any such employee provide the Producing Party with a signed Acknowledgment to be Bound by Protective Order attached hereto as Exhibit B ;

      b.      counsel for the Receiving Party and employees of such counsel;

      c.      consultants or experts employed or retained by the Receiving Party to assist counsel in this litigation or any other litigation relating to Alyson Reeves and/or Scapegaming and their employees or support staff, to the extent reasonably necessary to provide such assistance, provided that such consultant or expert, or any of their employees or support staff, is not a present or former employee, officer or director of a party to this litigation;

      d.      any person called to testify under oath by the Receiving Party in connection with this litigation, during their testimony, provided they do not retain copies of such documents;

      e.      a court reporter at a deposition; or

      f.      the Court and any Judge, clerk or court employee with responsibility over any aspect of this litigation or any other litigation relating to Alyson Reeves and/or Scapegaming.

7. No information may be disclosed to any person in accordance with subsections (c), (d), or (e) of Paragraph 6 of this Protective Order, unless such person has agreed to be bound by the terms of this Protective Order by signing the Confidentiality Agreement attached hereto as Exhibit B.

8. A Receiving Party that files Confidential information with a Court (including pleadings, memoranda, or other documents that quote or summarize such information) must make such filing under seal and with a designation that, in substance, states, "CONFIDENTIAL INFORMATION – Subject to Protective Order; Filed Under Seal."

9. If any Confidential information is disclosed to any person other than as permitted in Paragraph 6 of this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Producing Party whose information is disclosed of all pertinent facts relating to the disclosure, including the name, address and employer of the person to whom the disclosure was made. The party responsible for the disclosure shall take all reasonable steps to prevent any further disclosure of the Confidential information.

10. Within thirty (90) days of the conclusion of all litigation relating to Alyson Reeves and/or Scapegaming, including any appeals, each party shall, through its counsel of record, provide written confirmation to the Producing Party that the Receiving Party has destroyed or returned any and all Confidential information, provided that counsel of record for each party may keep a copy of all pleadings and correspondence in this litigation and any attorney work-product on the condition that all retained Confidential information shall be treated in accordance with the terms of this Protective Order.

11. Nothing in this Order shall be construed to limit a Producing Party's use or disclosure of its own materials.

12. If Discovery Material is inadvertently produced that is subject to a claim of privilege or of protection as attorney work product or trial-preparation material and the Producing Party notifies the Receiving Party of the claim and the bases for it, (a) such disclosure shall be without prejudice to any claim of privilege or protection; (b) such production shall not be considered to constitute any waiver of any claim or privilege or protection; (c) the Receiving Party shall promptly return or destroy the material in question and any copies.  If the Receiving Party in good faith disputes the claim of privilege or protection, the Receiving Party may retain one copy of the disputed material, provided it promptly presents the information to the Court under seal for a resolution of the claim.  If a Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The Producing Party must preserve the information until the claim is resolved.

13. Nothing in this Protective Order shall prevent any attorney from conveying to any party client his or her evaluation in a general way of CONFIDENTIAL information produced or exchanged; provided, however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any such information in a manner that would be contrary to the terms of this Protective Order.

SIGNED this 11th day of June, 2011.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

**AGREED PROTECTIVE ORDER**

**AGREED AS TO SUBSTANCE AND FORM**

*/s/ Wendy B. Mills*
Wendy B. Mills
Texas Bar No. 24032861
The Law Office of Wendy B. Mills
100 Crescent Court
Suite 700
Dallas, TX 75201
Telephone: (214) 236-5349
Facsimile: (214) 764-7600

ATTORNEY FOR RESPONDING PARTY, SUSAN ANDREONE


*/s/ Gene R. Besen*
Gene R. Besen
Texas Bar No. 24045491
SNR Denton US LLP
2000 McKinney Avenue
Suite 1900
Dallas, Texas 75201
Telephone: (214) 259-0956
Facsimile: (214) 259-0910

ATTORNEYS FOR Blizzard Entertainment, Inc.